**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X   Case No.

ERNESTO BARET,

                              Plaintiff,

                - against -                       **COMPLAINT**

WHOLE FOODS MARKET GROUP, INC., and
MARIAMA WEIR, *Individually*,                 PLAINTIFF DEMANDS
                                       A TRIAL BY JURY

                          Defendants.

-------------------------------------------------------------------X

       Plaintiff ERNESTO BARET, by and through his attorneys, NISAR LAW GROUP, P.C.,

hereby complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42

    U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of

    1991, Pub. L. No. 102-166) ("Title VII"), and the New York City Human Rights Law,

    New York City Administrative Code § 8-107, *et seq.* ("NYCHRL"), and seeks damages

    to redress the injuries Plaintiff has suffered as a result of being **Discriminated Against**

    **on the basis of his National Origin (Dominican Republic), Unlawfully Retaliated**

    **Against, and Caused to suffer a Constructive Discharge.**

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. §§ 1331

    and 1343.

3. The Court has supplemental jurisdiction over the plaintiff's claims brought under city law

    pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is a judicial district

in which a substantial part of the events or omissions giving rise to the claim occurred.

## PROCEDURAL PREREQUISITES

5.    Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6.    Plaintiff received a Notice of Right to Sue from the EEOC dated September 9, 2019, with respect to the herein charges of discrimination.

7.    This Action is being commenced within 90 days of Plaintiff's receipt of said Notice.

## PARTIES

8.    At all times relevant, Plaintiff ERNESTO BARET ("Plaintiff") was and is a resident of the State of New York and New York County. His national origin is Dominican Republic.

9.    At all times relevant, Defendant WHOLE FOODS MARKET GROUP, INC. ("WHOLE FOODS") was and is a foreign business corporation duly existing pursuant to, and by virtue of, the laws of Texas.

10.   At all times relevant, Defendant WHOLE FOODS was and is a foreign business corporation which lawfully conducts business within New York State and which owns, operates, and/or maintains numerous grocery stores in New York City, including one in the Tribeca neighborhood of Manhattan, located at 270 Greenwich Street, New York, NY 10007 ("the Tribeca grocery store").

11.   At all times relevant, Mariama Weir ("WEIR") was and is an individual employed by Defendant WHOLE FOODS, holding the position of "store manager" of the Tribeca grocery store.  Defendant WEIR is black non-Hispanic.

12.   At all times relevant, Defendant WEIR exercised supervisory authority over Plaintiff and had the power to hire, fire, and/or directly affect the terms and conditions of his

employment, as well as direct his daily work activities.

13. Defendants WHOLE FOODS and WEIR are herein referred to together as "Defendants."

## **MATERIAL FACTS**

14. Insofar as is relevant, in mid-2017, Plaintiff was employed by Respondent WHOLE FOODS and worked at the Tribeca grocery store as a "prepared foods team leader." Defendant WEIR became employed as a store team leader for the Tribeca grocery store in 2017.

15. Shortly after Defendant WEIR became store team leader, she took away the keys to the store previously given to Plaintiff and a person named Francisco (who is also Dominican), yet let two black workers (named Jeremy and Latisha) keep theirs.

16. In May 2018, Plaintiff was getting bread for one his co-workers (a person named Jazmin Guzman, who is also Dominican). During this time, Defendant WEIR stated in a condescending and sarcastic tone to Plaintiff that she had recently found out that Jazmin was Dominican. She then followed up and said that the only reason he was helping her was because they were both Dominican.

17. Thereafter, in June 2018, Plaintiff was working with one of his colleagues (a man named Angel Correa who is also Dominican). During this time, Plaintiff called Defendant WEIR to alert her that the machine which cooks chicken was not working properly. Upon her coming over and seeing the machine, Plaintiff recommended that the machine be fixed. However, Defendant WEIR responded by telling Plaintiff and Angel that the machine needs a "deep clean," and said in a condescending manner, "I thought that's what you Dominicans are good for" (i.e., cleaning). This comment reinforced destructive stereotypes and offended Plaintiff.

18. Also, during the Fall 2018, Plaintiff had been asked to come by Defendant WEIR's

office.  During their meeting in her office, Defendant WEIR had accused Plaintiff of not saying hello to her the previous day when they were at work.  Plaintiff denied having done so, and then Defendant WEIR said to him "this f*cking Dominican" to his face. Offended, Plaintiff expressed his displeasure and left her office.

19.   During that week, Defendant WEIR told Plaintiff to come to her office.  In a meeting, Defendant WEIR told Plaintiff that he was under investigation and he was not allowed to come into work for the rest of the week, and that she would get back to him by the end of the week.

20.   The week ended and Plaintiff did not hear from Defendant WEIR (or anyone else for that matter).  The following Tuesday (October 8, 2018), after still not having heard from Defendant WEIR, Plaintiff emailed Nicole Wesco (a Regional manager) and Michelle Rivera (someone in the HR department) to complain of discrimination on the basis of national origin (i.e., Dominican Republic).  In it, he detailed discrimination on the basis of his national origin (Dominican) and explicitly alerted them about the "this f*cking Dominican" comment made to him by Defendant WEIR.  He also stated, "You guys need to look into this investigation because Mariama is dividing the team Spanish and black, something that is destroying the team moral and bad for business."

21.   Plaintiff eventually learned at the end of October/ beginning of November 2018 that nothing was revealed during the investigation into him (which was mentioned to him by Defendant WEIR).

22.   Plaintiff asked to be transferred twice, but on each occasion, he was told someone from Defendant WHOLE FOODS would get back to him, but never did.  Unable to tolerate the comments and conduct and the treatment he suffered, in or around November 2018, Plaintiff was forced to resign.

4

23.     Defendant WEIR's actions and conduct were intentional and intended to harm Plaintiff.

24.     As a result of Defendants' discriminatory treatment of Plaintiff, he has suffered emotional distress.

25.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

26.     As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

27.     Respondent WHOLE FOODS' conduct—through its employee Defendant WEIR—has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff demands Punitive Damages as against Respondent WHOLE FOODS.

28.     Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff demands Punitive Damages as against both Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendant)**

29.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

30.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e, *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendant.  Plaintiff complains of Defendant's violations of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's national origin (Dominican Republic).

31.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e,

*et seq.*, by discriminating against Plaintiff because of his national origin (Dominican Republic), causing him damages.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER TITLE VII**
**(Not Against Individual Defendant)**

32.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

33.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to ... discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

34.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e, *et seq.*, by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendant, causing him damages.

**AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY HUMAN RIGHTS LAW**
**(Against Both Defendants)**

35.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

36.     The New York City Administrative Code § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, **national origin**, gender, disability, marital status, partnership status, caregiver status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to

discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment" (emphasis added).

37. Defendants engaged in unlawful discriminatory practices in violation of the New York City Administrative Code § 8-107(1)(a) on the basis of his national origin, causing him to suffer damages.

### AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAW (Against Both Defendants)

38. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

39. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer ... to discharge ... or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter..."

40. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(7) by retaliating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### JURY DEMAND

41. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the New York City Human Rights Law, New York City Administrative Code § 8-107, *et seq.*, and that Defendants discriminated against Plaintiff on the basis of his national origin, unlawfully retaliated against him, and caused him to suffer a constructive discharge;

B.      Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C.      Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D.      Awarding Plaintiff punitive damages;

E.      Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
       December 5, 2019

                                        **NISAR LAW GROUP, P.C.**

                                        _____
                                        Casimir J. Wolnowski, Esq.
                                        *Attorneys for Plaintiff*
                                        570 Lexington Ave., 16th floor
                                        New York, NY 10022
                                        Ph: (646) 449-7210
                                        Email: cwolnowski@nisarlaw.com